UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

WILLIAM ESTELLE,

    Plaintiff,

v.                                            Case No:   6:13-cv-1490-Orl-GJK

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

## **ORDER**

Bradley K. Boyd's Amended Unopposed Request for Authorization to Charge a Reasonable Fee and Memorandum on Reasonable Fees Pursuant to 42 U.S.C. § 406(b) (Doc. 21) is pending before the Court. The amended motion clarifies that Defendant does not object to the relief sought in the original motion (Docs. 19, 20).

On March 10, 2015, the Court entered an order reversing the Commissioner's final decision and remanding this case back to the Social Security Administration, pursuant to sentence four of 42 U.S.C. § 405 (Doc. 15). Now, counsel petitions the Court for authorization to charge his client a fee for federal court representation in the amount of $10,520 (Doc. 21). The fee is based on a contingent fee agreement between counsel and Plaintiff (Doc. 21-2), the Commissioner's letter notification that Plaintiff was awarded past due benefits (Doc. 21-1), and counsel's detailed timesheet (Doc. 21-3).

**I. The Applicable Law**

There are three statutory provisions under which attorneys representing claimants in Social Security disability cases may be compensated: 42 U.S.C. §§ 406(a) and 406(b), and 28 U.S.C. § 2142(d). Section 406(a) provides the exclusive avenue for

attorneys seeking fees for work done before the Commissioner at the administrative level. The fees awarded under § 406(a) are paid out of the claimant's past-due benefits awarded. 42 U.S.C. § 406(a)(2)(A) and (B). Section 406(a) caps the fees that may be awarded at twenty-five percent of past-due benefits awarded or a lesser fixed amount. 42 U.S.C. § 406(a)(2)(A)(ii)(I)-(II).

For fees incurred representing claimants in federal court, claimants may seek fees under two statutory provisions, 42 U.S.C. § 406(b) and the Equal Access to Justice Act, 28 U.S.C. § 2142(d) ("the EAJA"). Under § 406(b), upon entry of judgment in favor of a claimant, the Court may award a reasonable fee for work performed before the Court, which is paid out of the claimant's past-due benefits awarded. 42 U.S.C. § 406(b)(1)(A). Section 406(b) imposes a cap on the total amount of fees that may be awarded. 42 U.S.C. § 406(b)(1)(A). Section 406(b) provides that a Court may not award fees "in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled." 42 U.S.C. § 406(b)(1)(A).

The EAJA permits a claimant to seek an award of fees against the Commissioner for work that is done before the Court if the claimant prevailed and the position of the Commissioner is not substantially justified. 28 U.S.C. § 2412(d)(1)(A). An attorney may either deduct the amount of EAJA fees from his § 406(b) request or remit the smaller fee to the client. 28 U.S.C. 2412 note, Act of Aug. 5, 1985, Pub.L. No. 99-80, § 3, 99 Stat. 183, 186 (unmodified) (The EAJA contains a savings provision providing that "where the claimant's attorney receives fees for the same work under both [§ 406(b) and the EAJA], the claimant's attorney refunds to the claimant the amount of the smaller fee."); Jackson v. Comm'r of Soc. Sec., 601 F.3d 1268, 1271 (11th Cir. 2010) (noting

that the attorney may choose to effectuate the refund by deducting the amount of an earlier EAJA award from his subsequent 42 U.S.C. § 406(b) request); Mills v. Colvin, Case No. CV413-044, 2016 WL 4223649, at *2 (S.D. Ga. Aug. 9, 2016) (citing Gisbrecht v. Barnhart, 535 U.S. 789, 806 (2002)).

The fee itself must also be reasonable. In capping the fee at 25%, "Congress ... sought to protect claimants against 'inordinately large fees' and also to ensure that attorneys representing successful claimants would not risk 'nonpayment of [appropriate] fees.'" Gisbrecht, 535 U.S. at 805 (citations omitted). "Within the 25% boundary ... the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." Id. at 807. In making this reasonableness determination, the district court can consider several factors, including: (1) whether the requested fee is out of line with the "character of the representation and the results the representative achieved;" (2) whether the attorney unreasonably delayed the proceedings in an attempt to increase the accumulation of benefits and thereby increase his own fee; and (3) whether "the benefits awarded are large in comparison to the amount of time counsel spent on the case," the so-called "windfall" factor. In these instances, a downward reduction may be in order and the court can appropriately reduce the fee. Id. at 805, 808.

**II. The Fee Calculation**

Plaintiff received an award of $66,080 in past-due benefits for the period from April 2013 through December 2019 (Doc. 21 at 1; Doc. 21-1 at 1). The Social Security Administration withheld $16,520.02 from Plaintiff's past due benefits for counsel's fee, which constitutes approximately twenty-five percent of the award (Doc. 21-1, at 2).

Counsel petitions the Court for authorization to charge his client a fee for federal court representation in the amount of $10,520 (Doc. 21, at 3).[1] Plaintiff was previously awarded $4,463.25 under the EAJA (Doc. 18). Based upon the work performed and the results obtained, I find that $10,520 is reasonable for the services of Plaintiff's counsel in this case.

### III. Conclusion

Now:

1) The original motion (Doc. 19) is **DENIED AS MOOT**;

2) The amended motion (Doc. 21) is **GRANTED**;

3) Counsel is authorized to charge Plaintiff the sum of $10,520 in attorney's fees; and

4) The Clerk is directed to close the case.

**DONE** and **ORDERED** in Orlando, Florida, on March 25, 2020.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record

---

[1] Although counsel states that he is deducting $6,000 from the $16,520 withheld by the Administration in his fee request, he does not state why he is deducting $6,000, other than to state that he "believes that this will result in a reasonable attorney fee for federal court representation." (Doc. 21, at 3).